UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINDSEY RAE LOYEAR,<br><br>　　　　　Defendant. | INFORMATION  CR11-235 PAM<br><br>(18 U.S.C. § 371) |

THE UNITED STATES ATTORNEY CHARGES THAT:

Factual Background

1. The Cloud 9 Sky Flats ("Cloud 9") is a real estate development in Minnetonka, Minnesota.

2. From sometime in or about 2006 until sometime in or about October 2008, LINDSEY RAE LOYEAR ("LOYEAR") participated in a scheme to defraud mortgage lenders in connection with the financing of real estate purchases in metropolitan Minneapolis-Saint Paul, Minnesota, including but not limited to purchases of units at the Cloud 9 development.

3. LOYEAR was a licensed real estate agent and broker in the state of Minnesota and used those positions of responsibility to facilitate the scheme to defraud. Loyear assisted in the preparation of misleading and incomplete documentation used in loan closings. For example, lenders were given false information about borrower income, assets, and other debts and were not informed that scheme participants were providing down payment assistance to buyers or that buyers were receiving a kickback on the sale of the properties.

4. LOYEAR personally participated in the purchase of three

SCANNED
JUL 25 2011
U.S. DISTRICT COURT ST. PAUL

FILED  JUL 22 2011
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

Cloud 9 units and received an undisclosed kickback from loan proceeds. LOYEAR understood that a significant amount of the loan proceeds was being shared with other participants in the scheme, without disclosure to the lenders.

5. LOYEAR knew that the false information being provided and the true information being concealed from lenders was material information to the lenders.

6. These transactions were therefore fraudulent in several ways: lenders were being misled about the buyers' financial wherewithal to repay the loans and the true nature of buyers' financial participation in the transactions, and the total purchase price of each unit sold as part of the scheme to defraud was artificially inflated by at least the amount of the kickback.

7. Approximately 100 units were financed in connection with the fraud described above. Altogether the kickback payments from loan proceeds exceeded $8 million.

8. On or about January 29, 2007, a wire transfer payment of $70,870.50 was made from an account at US Bank which was controlled by a conspirator. The funds were proceeds of the fraud scheme.

## COUNT 1
(Conspiracy)

9. Paragraphs 1-8 are hereby realleged and incorporated by reference.

10. From in or about 2006 until in or about October 2008, both dates being approximate and inclusive, in the State and District of Minnesota and elsewhere, the defendant,

**LINDSEY RAE LOYEAR,**

did unlawfully and knowingly combine, conspire, and agree with others known and unknown to commit an offense against the United States, namely,

> having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

11.  The purpose of the conspiracy was to defraud lenders financing the sale of real estate properties.

### MANNER AND MEANS

12.  The manner and means of the conspiracy included locating buyers of real estate, secretly assisting buyers with their down payments, agreeing to pay the buyers and other participants in the transaction a kickback of approximately 30% percent of the financed price, and obtaining mortgage loans without disclosing to lenders the secret down payment assistance or kickbacks to the lenders.

### OVERT ACTS

13.  In order to effect the object of the conspiracy and in furtherance of the conspiracy, a co-conspirator committed and caused to be committed the following overt act in the State and District of Minnesota:

3

On or about January 29, 2007, a wire transfer payment of $70,870.50 was made from an account at US Bank which was controlled by a conspirator.

14. All in violation of Title 18, United States Code, Section 371.

### FORFEITURE ALLEGATIONS

Count 1 of this Information hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

As the result of the offense alleged in Count 1 of this Information, LOYEAR shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of their right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable directly or indirectly to the conspiracy charged in Count 1 of this Information.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28 United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections

981(a)(1)(C), 982(a)(2)(A), 371, and 1343, and Title 28, United States Code, Section 2461(c).

                                        Respectfully submitted,

                                        B. TODD JONES
                                        United States Attorney

Dated: July 22, 2011           BY:  ROBERT M. LEWIS
                                          Attorney ID No. 249488
                                          TRACY L. PERZEL
                                          Attorney ID No. 296326
                                          Assistant U.S. Attorneys